#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK BULLOCK, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-09-0024-HE |
| ) | |
| ERIC FRANKLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

### **ORDER**

Petitioner Mark Bullock, a state prisoner appearing *pro se*, instituted this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch, who has recommended that the petition be denied.

The petitioner was convicted by a jury of first degree felony murder and sentenced to life imprisonment. His conviction was affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). The petitioner has exhausted the claims he asserts in his habeas petition, having raised them in his direct appeal to the OCCA.

In a thorough Report and Recommendation, the magistrate judge rejected the petitioner's claims that he was constructively denied the right to be present during trial because of his health condition; that he was denied a fair trial because the testimony of a state witness was improperly bolstered; that he was denied due process by the admission of involuntary statements; that he was denied due process due to insufficiency of the evidence to support his conviction; and that he was deprived of a fundamentally fair trial

as a result of cumulative error. The petitioner has filed an objection challenging the magistrate judge's conclusions relating to the alleged bolstered testimony, the trial court's admission of custodial statements and the sufficiency of the evidence.[1]  He did not object to her determinations with respect to his two other claims (grounds one and five).[2]  As to them the petitioner has waived his right to appellate review of the factual and legal issues addressed.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996).  *See* 28 U.S.C. § 636(b)(1)(C); LCvR72.1.

The court has reviewed the court file, including the petition, supporting brief and objection in conducting its *de novo* review and agrees with Magistrate Judge Couch's analysis of the petitioner's claims.[3]  The court adopts her Report and Recommendation. and **DENIES** the petition for writ of habeas corpus.[4]  The petitioner's motion for stay [Doc. #12] also is **DENIED** and his motion for order [Doc. #16] is **DENIED** as being

---

[1]*Assorted documents – parts of a psychological evaluation and an operative report – are attached to the petitioner's objection.  The petitioner has not explained (and there is no apparent reason) why this evidence was not presented to the magistrate judge.  However, the court has reviewed the materials and concludes they do not warrant habeas relief.*

[2]*In the initial part of his habeas petition, the petitioner includes a claim of error based on his sentence. Petition, p. 3.  However, as he did not mention that claim subsequently in his petition or provide facts supporting it, see id. pp. 6-14, or discuss it in his supporting brief [Doc. #3], the claim is deemed waived.*

[3]*The standard of review for the petitioner's claims established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is narrow.  As recognized by the Supreme Court, "AEDPA limited rather than expanded the availability of habeas relief."  Fry v. Pliler, 551 U.S. 112, 119 (2007).*

[4]*Two motions have been filed, one by Mark Buchanan, who states he has been assisting the petitioner, and one signed by both the petitioner and Mr. Buchanan, requesting an extension of time for the petitioner to respond to the Report and Recommendation.  As the petitioner has already filed his objection, the motions [Doc. Nos. 19, 20] are denied as being moot.*

**MOOT**.

    **IT IS SO ORDERED**.

Dated this 17th day of September, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE